# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL JACKSON | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | CIV. ACTION NO. |
| | § | |
| SOUTHWEST AIRLINES, CO., | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL CLAIM FOR RELIEF

1. Cheryl Jackson brings this action, Cheryl Jackson ("Plaintiff") against Defendant, Defendant, Inc. ("Defendant")

## NATURE OF THE CASE

2. This action is brought against Defendant for violating Title VII of the Civil Rights Act of 1964, as amended, and the Americans With Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328, (1990). Plaintiff requested reasonable accommodations because of chronic disease to take prescribed medication while performing her duties. Defendant initially accommodated her but, on July 31, 2018, conducted an illegal drug test. The test indicated that Plaintiff took a drug that was not prescribed to her. Defendant terminated her on August 23, 2018. Plaintiff contends that Defendant targeted her for testing and did not comply with the terms of the Random Testing Protocol. Defendant did so because she suffered a disability. Plaintiff seeks reinstatement to her position as Flight Attendant with full back pay, front pay, fringe benefits, as well as compensatory damages for humiliation and pain and suffering. She also seeks attorney's fees and punitive damages for the intentional violation of her rights.

### a. Jurisdiction

3. This Court has jurisdiction over the federal claims asserted herein in that they arise out of the United States laws. See 28 U.S.C. § 1331 and 29 U.S.C. § 2617. This Court has supplemental

jurisdiction over the Texas State and common law claims under 28 U.S.C.

a. § 1367. 17.

### b. Venue

4. Venue lies in the Northern District of Texas under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims

a. Occurred within this judicial district.

### 1. EXHAUSTION OF ADMINISTRATION REMEDIES

5. Before filing the Original Complaint, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("EEOC") within the appropriate number of days, her written initial charge of discrimination based on her disability

a. In conformance with the law, Plaintiff has filed this action before the expiration of ninety (90) days from the date of receiving her Notice of Rights, aka "right to sue" letter from the EEOC and within two (2) years after Defendant willfully violated Plaintiff's rights. The Plaintiff received her Notice of Rights, aka "right to sue" letter from the EEOC, dated September 9, 2020, on September 11, 2020. Plaintiff has exhausted all administrative remedies; therefore, all conditions precedent to the Plaintiff maintaining this civil action have accrued, occurred, or been waived. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

### CONDITIONS PRECEDENT

6. All conditions precedent: to Plaintiff bringing his claims against Defendant for Discrimination, based on disability

### PROTECTED CLASS MEMBERSHIP

7. Plaintiff brings this lawsuit under 42 U.S.C. §2000e et. seq. (Title VII): Title VII prohibits employers from discriminating "against any individual concerning their compensation, terms, conditions, or privileges of employment because of such individual's race, color, age, religion, sex or national origin. *See* 42 U.S.C. §2000e- 2(a).

8. Additionally, Plaintiff sues under 42 U.S.C. §1981 and other similar statutes
    i. prohibiting employers from race discrimination. Plaintiff identifies that he is a

      member of the following protected classes:

    b. female
    c. Over the age of 40,
    d. Suffering from a disability.
    e. Complained to her supervisors, managers, directors and filed a complaint with EEOC concerning unlawful employment conditions; and
    f. filed her Original Complaint with this Court.

9. Plaintiff identifies that she is a member of one or more of the protected classes specified in paragraphs above under Federal statute.

## 1. PARTIES AND SERVICE

10. Cheryl Jackson ("Plaintiff ")is an individual who is a resident of Davenport, FL 33837. United States  She is an "employee" as that term is defined by 42 U.S.C. §2000 (f), 29 U.S.C.§630(f) and 29U.S.C.§203(e)(1)

11. Southwest Airlines Co. ("Defendant") may be served with citation by serving its registered agent. Corporation Service Company D/B/A CSC-Lawyers Inc. 211 E. 7th Street Suite 620. Austin, Tx 78701.

## BACKGROUND FACTS

12. Drug and alcohol testing of safety-sensitive aviation employees helps protect public safety and keep our skies safe.[1] Testing is required by the Omnibus Transportation Employees Testing Act of 1991 and D.O.T. and F.A.A. regulations (49 C.F.R. part 40 and 14 C.F.R. part 120). The Drug Abatement Division oversees the aviation industry's compliance with the drug and alcohol testing law and regulations. This is accomplished by performing on-site inspections, providing guidance to companies, individuals, contractors, and service agents, and establishing policies and procedures to increase the program's effectiveness. It also develops and implements regulations for DOT/FAA drug and alcohol testing.

---

[1] Under DOT regulations, employers under the FAA must perform 25% random drug screenings. This does not mean that 25% of the employees must be tested but the number of random selections must be equal to 25% of the work force. The Defendant must conduct a minimum of 3,250 random. Based on 3,250 opportunities of random selection, The Plaintiff experiences a near 80% probability of never being selected.

13. Plaintiff currently takes prescription medicine, including Oxycodone and Morphine, for her fibromyalgia. She is allowed to perform her duties while on this medication. The Defendant made a reasonable accommodation for her to continue in her regular duties as a flight attendant. This arrangement began in 2009.

14. Since 2009, Defendant has randomly tested Plaintiff numerous times. The most prolonged duration between tests has been three years, the shortest, two years. Defendant tested the Plaintiff twice in 2018, once in April and then again in July. Before her second test, there was an incident between the Inflight Operations Assistant Base Manager, Valencia Feijoo. Orlando ("MCO") and Ron Jackson,("Jackson") husband of the Plaintiff. Jackson is also a flight attendant. In January 2018, Defendant tested him for drugs, and he tested positive for Hydrocodone (H.Y.C.). The Defendant pulled him off a trip and confiscated his company identification. They also made him fly home as a passenger, which never happens. Eventually, he provided the Defendant with a prescription, and he was reinstated, but not before Defendant placed negative marks in his personnel file. Jackson informed Feijoo that his wife, the Plaintiff, assisted him in resolving the matter. In June of 2018, Jackson found himself in trouble again with Feijoo. This involved an incident at a Starbucks. Feijoo accused Jackson of a violation of the code of conduct. Also, Plaintiff assisted her husband in resolving the dispute and prevented Feijoo from firing her husband. After resolving this incident, Jackson informs the Plaintiff that Feijoo may seek retribution for her involvement in his case.

15. On July 31, 2018, Plaintiff was selected for a drug screening; the drug screening was conducted by University Services through MEDTOX Laboratories. On August 8, 2018, University Services or MEDTOX informed Defendant that Plaintiff had tested positive for Amphetamine class drug, Opiates, HYC/HYM$^2$ , and OXYC/OXYM$^3$ following metabolites: amphetamine, morphine, hydrocodone, Hydromorphone, Oxycodone, and Oxymorphone.

---

$^2$ HYC is Hydrocodone, HYM is Hydromorphone

16. On August 20, 2018, Plaintiff participated in a fact-finding meeting involving Transportation Workers Union ("TWU") Representative Jimmy West, MCO Inflight Supervisor Charla Knight, and Orlando International Airport,("MCO") Inflight Operations Assistant Base Manager Valencia Feijoo. During that meeting, Ms. Feijoo suggests that Plaintiff could not provide a prescription for hydrocodone. She did not have a prescription and could have mistakenly taken her husband's hydrocodone. In an August 23, 2018 letter to Plaintiff, Ms. Feijoo provides that Plaintiff will be terminated effective August 27, 2018, per Defendant's Drug and Alcohol Policies, which provided an employee with a verified positive drug test will be terminated.

17. On August 23, 2018, Defendant provided Plaintiff a copy of the split test results. Plaintiff responded that she needed a breakdown of the metabolites. MRO-A Supervisor Melissa Liberatore of University Services responded that Plaintiff's report was the report that the lab sends. On August 23, 2018, Medical Review Officer Paul Cheng, MD, emailed Plaintiff to inform her that the urine specimen was analyzed again and reconfirmed for HYC/HYM, Hydrocodone, and Hydromorphone. The Plaintiff has no prescription for H.Y.C.

18. Each time Defendant decides to select one of its 13,000 employees randomly; Plaintiff stands a one in 13,000 or .00769% probability of being selected. The probability for this event happening twice in the period between the two most recent tests is .000000591%. The more times the scenario is run, the less likely the event is not happening (consequently, it becomes more likely although still below 1%). Defendant must employ a scientifically valid method. Defendant selects the employees by this process.

19. On the day the Plaintiff was tested for the second time, the Defendant agent approached her while she was already on board an aircraft and informed her to report to the testing center to be tested. Plaintiff alleges that the second test did

---

[3] OXYC IS Oxycontin  OXYM is Oxymorphone

not follow the random testing protocol, and therefore the test results are not permissible to be used in any personnel action. Typically, Once Defendant sends an agent to meet with the employee and informs her that she has been selected, Defendant sends the employee an email confirming that she has been selected for testing. On the July test, Defendant did not send her an email. The only dealings Plaintiff had with Defendant was with Feijoo, the base manager at Orlando (MCO).

20. Defendant, through its agent, Valencia Feijoo ("Feijoo:"), conducted the test without permission. She knew about Plaintiff's medical condition and used it to achieve a drug test with the intent to harass Plaintiff. Feijoo acted intentionally in an adverse manner and terminated the Plaintiff. Feijoo caused the Plaintiff to be terminated, lose all benefits. The Defendant has denied her flight benefits typically provided to spouses of employees.

**COUNT 1 DISCRIMINATION BASED ON DISABILITY**

21. Plaintiff incorporates by reference the facts outlined in paragraphs 1-20. Defendant's actions violate Title VII of the Civil Rights Act of 1964, as amended, and Americans With Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328, (1990).

22. Defendant tested the Defendant in violation of its random testing procedure.

23. Compensatory damages, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff.

24. Equitable relief, including reinstatement to the previous position.

25. Punitive damages.

26. Court costs.

27. Reasonable attorney's fees.

28. Back pay, front pay, and other compensation for wages lost as a result of the termination;

and

29. Pre- and Post-judgment interest at the maximum rate allowed by law.

## ATTORNEYS' FEES AND COSTS

30. Plaintiff incorporates each of the preceding paragraphs.

31. To redress the injuries sustained by Plaintiff on account of Defendant's and Defendant's agent's actions, Plaintiff has retained the undersigned counsel to represent her in this action.

## JURY DEMAND

32. Plaintiff demands a trial by jury, and the necessary fees have been tendered.

## REQUESTS FOR DISCLOSURE

33. Under rule 26 of Federal Civil Procedure, Plaintiff requests that Defendant disclose, within 14 days of service of this request, the information or material described in the above-referenced rule.

## CONCLUSION

34. WHEREFORE, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer and that upon the final trial of this matter, that all relief sought to be granted to Plaintiff, and any other such further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Andrew A Dunlap

Andrew A. Dunlap (lead counsel) TBN
06231700 6565 N. McArthur Boulevard
Suite 140
Irving, Texas 75039-2478
972-807-6357
214-614-5160 telecopy
andrew@dunlapattorneys.com

**ATTORNEY FOR THE PLAINTIFF**