**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CHERYL JACKSON** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | **CIV. ACTION NO.** |
| § | |
| **SOUTHWEST AIRLINES, CO.,** § | **3:20-03615-S** |
| § | |
| *Defendant.* § | |

**JURY TRIAL DEMANDED**

**PLAINTIFF'S SECOND AMENDED CLAIM FOR RELIEF**

1. Cheryl Jackson brings this action, Cheryl Jackson ("Plaintiff") against Defendant, Southwest Airlines Co., ("Defendant")

**NATURE OF THE CASE**

2. This action is brought against the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328, (1990). Plaintiff requested reasonable accommodations because of chronic disease to take prescribed medication while performing her duties. Defendant initially accommodated her but, on July 31, 2018, it conducted a random drug test. The test indicated that Plaintiff took a drug that was not prescribed to her. Plaintiff provided evidence to the Medical Review Officer("M.R.O.") to explain that the presence of Hydrocodone was a false positive and that her prescription for Oxycodone metabolized into Hydrocodone. The M.R.O. did not regard it and confirmed his decision. Defendant terminated her on August 23, 2018. Plaintiff contends that Defendant failed to follow D.O.T. procedure by failing to refer her to a Substance Abuse Professional (SAP), pursuant 49 C.F.R. part 40. Defendant's refusal resulted in Plaintiff permanently losing her flight status. Plaintiff seeks reinstatement to her position as Flight Attendant, Defendant referring her to the SAP entitling her to return to flight status, with back pay, fringe benefits, as well as compensatory damages for humiliation and pain and suffering. She also seeks attorney's fees andpunitive damages for the intentional violation of her rights.

a. **Jurisdiction**

3. This Court has jurisdiction over the federal claims asserted herein in that they arise out of the United States laws. See 28 U.S.C. § 1331 and 29 U.S.C. § 2617. This Court has supplemental

a. The venue lies in the Northern District of Texas under 28 U.S.C. § 1391 because a substantial part of the events or omissions gives rise to the Plaintiff's claims occurred within this judicial district.

### 1. EXHAUSTION OF ADMINISTRATION REMEDIES

4. Before filing the Original Complaint, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("EEOC") within the appropriate number of days, her written initial charge of discrimination based on her disability

   a. In conformance with the law, Plaintiff has filed this action before the expiration of ninety (90) days from the date of receiving her Notice of Rights, aka "right to sue" letter from the EEOC, and within two (2) years after Defendant willfully violated Plaintiff's rights. Plaintiff received her Notice of Rights, aka "right to sue" letter from the EEOC, dated September 9, 2020, September 11, 2020. Plaintiff has exhausted all administrative remedies; therefore, all conditions precedent to the Plaintiff maintaining this civil action have accrued, occurred, or been waived. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987,992 (5th Cir. 2005).

### CONDITIONS PRECEDENT

5. All conditions precedent: to Plaintiff bringing his claims against Defendant for Discrimination, based on disability

### PROTECTED CLASS MEMBERSHIP

6. Plaintiff brings this lawsuit under 42 U.S.C. §2000e et. seq. (Title VII): Title VII prohibits employers from discriminating "against any individual concerning their compensation, terms, conditions, or privileges of employment because of such individual's race, color, age, religion, sex or national origin. *See* 42 U.S.C. §2000e-2(a).

7. Additionally, Plaintiff sues under 42 U.S.C. §1981 and other similar statutes
   i. prohibiting employers from race discrimination. Plaintiff identifies that he is a

member of the following protected classes:

b. Suffering from a disability.
c. Complained to her supervisors, managers, directors and filed a complaint with EEOC concerning unlawful employment conditions; and
d. filed her Original Complaint with this Court.

## BACKGROUND FACTS

Plaintiff was a longtime employee of Defendant acting in the capacity of a flight attendant. During her tenure, she was diagnosed with fibromyalgia, a debilitating condition affecting primary functions in her life, including muscle spasms and extreme tiredness. Poor quality sleep, fatigue, trouble remembering, learning, paying attention, and concentrating are "fibro fog," slow or confused speech, Frequent headaches, or migraines. and irritable bowel syndrome

8. .She currently takes prescription medicine, including Oxycodone and Morphine, for her fibromyalgia. She is allowed to perform her duties while on this medication. Defendant made a reasonable accommodation for her to continue in her regular duties as a flight attendant. This arrangement began in 2009. Defendant randomly tests all employees for certain drugs. In 2018, Hydrocodone was added to the list of medicines for which employees were screened.

9. Defendant tested Plaintiff in April of 2018. It found only the drugs for which she had a prescription. Defendant tested her again in July 2018, and this time Hydrocodone was found. In her system.

10. On August 20, 2018, Plaintiff participated in a fact-finding meeting involving Transportation Workers Union ("TWU") Representative Jimmy West, MCO Inflight Supervisor Charla Knight, and Orlando International Airport ("MCO") Inflight Operations Assistant Base Manager Valencia Feijoo. This meeting was conducted under 49C.F.R. sec 40.121-133. During that meeting, Ms. Feijoo suggests that Plaintiff could not provide a prescription for Hydrocodone. She did not have a prescription and could have mistakenly taken her husband's Hydrocodone. In an August 23, 2018, letter to Plaintiff, Ms. Feijoo provides that Plaintiff will be terminated effective August 27, 2018, per Defendant's Drug and

Alcohol Policies, which provided an employee with a verified positive drug test.

11. On August 23, 2018, Defendant provided Plaintiff a copy of the split test results. Plaintiff responded that she needed a breakdown of the metabolites. MRO-A Supervisor Melissa Liberatore of University Services responded that Plaintiff's report was the lab report. On August 23, 2018, Medical Review Officer Paul Cheng, MD, emailed Plaintiff to inform her that the urine specimen was analyzed again and reconfirmed for HYC/HYM, Hydrocodone, and Hydromorphone. Plaintiff has no prescription for H.Y.C.

12. Plaintiff also presented evidence that generic Oxycodone prescription often contained Hydrocodone. Plaintiff provided Defendant with a letter from her treating physician, who stated that he prescribed her a generic brand of Oxycodone.

13. Medical research indicates that: Analytes detected in urine after oxycodone administration include Oxycodone and its metabolite oxymorphone.[i1]Hydrocodone is a potential impurity in commercially manufactured oxycodone preparations; therefore, a small quantity of Hydrocodone could be detected in the urine of patients prescribed Oxycodone only.

14. Defendant disregarded this and terminated her instead of referring her to SAP to achieve a return-to-work status.

Defendant discriminated against her by terminating her and refusing to refer her to SAP because she had a disability that required her to take prescription drugs that could produce a false positive test for a medication that was not prescribed to her.

Defendant's policies violated both the A.D.A. and Department of Transportation( D.O.T.) regulations.

(49CFR. Part 40.O)

According to 49 C.F.R. part 40.11, " All agreements and arrangements, written or unwritten, between and among employers and service agents concerning the implementation of D.O.T. drug and alcohol testing requirements are deemed, as a matter of law, to require compliance with all applicable provisions of this part and D.O.T. agency drug and alcohol testing regulations. Compliance with these provisions is a material term of all such agreements and arrangements."
When an employee is disabled,

---

[1]. Poyhia R, Seppala T, Olkkola KT, Kalso E. The pharmacokinetics and metabolism of oxycodone after intramuscular and oral administration to healthy subjects. Br J Clin Pharmacol 1992 Jun; 33(6):617-21.

**COUNT 1 DISCRIMINATION BASED ON DISABILITY**

15. Plaintiff incorporates by reference the facts outlined in paragraphs 1-14 Defendant's actions Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328, (1990).

16. Plaintiff has a protected status as a disabled person with a physical disability that substantially affects one or more major life activities; she is qualified for the position where she works and can fulfill the essential functions with or without accommodations.

17. Defendant engaged in adverse action by terminating her, and such action was motivated by discriminatory Intent.

## DAMAGES

18. Plaintiff seeks Compensatory damages, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff.

19. Equitable relief, including reinstatement to the previous position.

20. Punitive damages.

21. Court costs.

22. Reasonable attorney's fees.

23. Back pay, front pay, and other compensation for wages lost as a result of the termination; and

24. Pre- and Post-judgment interest at the maximum rate allowed by law.

**ATTORNEYS' FEES AND COSTS**

25. Plaintiff incorporates each of the preceding paragraphs.

26. To redress the injuries sustained by Plaintiff on account of Defendant's and Defendant's agent's actions, Plaintiff has retained the undersigned counsel to represent her in this action.

**JURY DEMAND**

27. Plaintiff demands a trial by jury, and the necessary fees have been tendered.

**REQUESTS FOR DISCLOSURE**

28. Under rule 26 of Federal Civil Procedure, Plaintiff requests that Defendant disclose the information or material described in the above-referenced rule within 14 days of service of this request.

**CONCLUSION**

29. WHEREFORE, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer and that upon the final trial of this matter, all relief sought to be granted to Plaintiff, and any other such further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Andrew A Dunlap

Andrew A. Dunlap (lead counsel) TBN
06231700 6565 N. McArthur Boulevard
Suite 140
Irving, Texas 75039-2478
972-807-6357
214-614-5160 telecopy
andrew@dunlapattorneys.com

**ATTORNEY FOR THE PLAINTIFF**